## Case No. 12,807.

SHOREY v. RENNELL et al.

[1 Spr. 418.] [1]

District Court, D. Massachusetts. April, 1858.

GARNISHMENT—ADMIRALTY—EFFECT OF FAILURE TO ANSWER—EXECUTION.

1. It is the right and duty of a garnishee in admiralty, to put in an answer.

2. The libellant has not the right to contest the answer of the garnishee.

3. If a garnishee in admiralty make default, execution does not, in the first instance, go against him personally, or his property, but only against the debts, effects or credits of the principal in his hands.

4. Upon such default, the libellant may have compulsory process to obtain an answer.

5. If, however, he does not need a disclosure, but can satisfy the court by affidavits, that the garnishee has debts, effects, or credits in his hands, the libellant may have execution against them, without an answer having been put in.

6. After execution against debts, effects or credits, in the hands of the garnishee, and a refusal by him to pay, he has not the right to discharge himself by putting in an answer.

7. Semble. That after such refusal, the garnishee should be summoned in, that he may show other cause of discharge, if any there be.

8. After default by the garnishee, the court may, in its discretion, allow him to put in an answer upon terms.

[In admiralty. For a libel by certain seamen against the master of the ship Anna Kimball, for personal wrongs, see Case No. 12,806.]

C. G. Thomas, for libellant.
Henry A. Johnson, for garnishee.

SPRAGUE, District Judge. In this case the garnishee entered an appearance, but gave no stipulation, and put in no answer. After judgment against the principal, he was called and defaulted. The proctor for the libellant then filed an affidavit, that the gar-

nishee had admitted, both before and after the suit was brought, that he owed the principal a certain amount, and moved for execution for that sum against the person and property of the garnishee. The court, supposing that there was no controversy, granted the motion without examination, and execution was issued accordingly. Subsequently the garnishee came into court, and upon his motion, the execution was superseded, and a stay ordered, until the parties could be heard. The libellant now moves the court that he may have an execution against the garnishee personally, and against his property generally, to the amount of the credits in his hands, as shown by the affidavit. On the other hand, the garnishee offers his affidavit that he has no goods, effects or credits of the principal in his hands, and prays to be allowed to make disclosure under oath, and to answer all interrogatories that may be propounded, and that thereupon he may be discharged. Some of the questions of practice that arise upon these motions seem not to have been settled. The process of foreign attachment in the admiralty is governed by its own rules and principles. It is not borrowed either from the custom of London, or the local legislation of the States, and little aid can be derived from the practice under those systems. So far, indeed, as we are called upon to extend or mould the practice of the admiralty, to adapt it to new cases, it may be wise to look into other systems, to see what experience has sanctioned, as just and useful in analogous cases. But for our guidance in admiralty practice, we must look primarily to the rules established by the supreme court, by authority of congress, as positive legislation. And where they do not apply, or are of doubtful construction, we resort for aid to the usual course of procedure and general principles. No. 2, of the rules by the supreme court, provides for the issuing of the process by foreign attachment. No. 37 is the only one which relates to the subsequent proceedings; it is in these words: "In cases of foreign attachments, the garnishee shall be required to answer on oath or solemn affirmation, as to the debts, credits or effects of the defendant in his hands, and to such interrogatories touching the same as may be propounded by the libellant; and if he shall refuse or neglect so to do, the court may award compulsory process in personam against him. If he admit any debts, credits or effects, the same shall be held in his hands liable to answer the exigency of the suit."

Under this rule several questions arise. It is contended by the counsel for the libellant, that the compulsory process in personam, which is to issue upon neglect to answer, is to be a process against the trustee, to compel him to pay to the creditor his debts, to the extent of the credits alleged by the libel to be in the hands of the trustee; but that is not correct. The rule first prescribes a

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

duty, viz., to answer, and then says, if he shall neglect that duty, compulsory process may issue against him; that is, process to compel him to perform the duty previously prescribed, and the neglect of which has occasioned the compulsion. But in the present case, the libellant does not move for such process, but insists that the garnishee having made default, it only remains for the court to coerce him to pay or deliver the debts, effects or credits in his hands. The prayer of the libel is, that execution may issue against the goods, effects or credits in the hands of the garnishee, and this is all the libellant can have, in the first instance: his motion, therefore, must be denied.

The motion of the garnishee involves several questions. 1st. Can the libellant have execution against the property in the hands of the garnishee, without an answer? 2d. If such execution issue, and the garnishee shall refuse to pay or deliver the property, must he be summoned to show cause why execution should not issue against him and his property; and if so summoned, will he then have the right to answer that he had not, when originally summoned, any debts, effects, or credits of the principal, and thus discharge himself from liability?

These questions it is necessary now to consider, for if the libellant cannot proceed further against the garnishee, without an answer, or if further proceedings against him will end only in his making the answer which he now asks permission to put in, his motion should be granted as of right, and without condition.

The 37th rule contemplates only a case of an answer, and gives the power of compelling it. But I think that if the garnishee chooses to waive his right, and prefers submitting to a default and the consequences thereof, to the expense and trouble of appearing in court, it is not imperative upon the libellant to coerce an answer before he can proceed further. It may be asked why does the rule give the right to compel an answer upon neglect, if a default thereon give to the libellant the right to proceed to execution?

The objection suggested by this question would be conclusive, if the neglect to answer and a default thereon would, in all cases, give to the libellant the benefit of a disclosure. But in cases of default, the court requires some evidence to sustain the claim; and as the question whether the garnishee has debts, effects, or credits of the principal in his hands, may depend upon transactions to which the libellant is no party, and may be known only to the trustee and his principal, a disclosure may be indispensable to give the libellant any evidence of the fact. But if the libellant, without disclosure, can upon default, show to the satisfaction of the court, that the garnishee holds debts, effects, or credits, I see no reason why he should not have execution against them.

As to the other question, whether, after such execution and a refusal by the garnishee to pay, he has the right upon summons, or otherwise, to make answer that he had not, when originally summoned, any debts, effects, or credits, and thereby discharge himself, I am of opinion that he has no such right. He had due notice of the libel alleging that he had funds in his hands, and was summoned to show cause why execution should not issue against those funds; he voluntarily neglected to appear, and subsequent proceedings were had by the court and the party, founded upon such neglect. Such default should subject the garnishee to some liability. To allow him, as a matter of right, to answer to the same matter which he was originally required to answer, would be a departure from the principles and the practice of judicial tribunals in other cases. Whether the garnishee should be summoned in, and allowed to show other cause why execution should not issue against him, as, for example, the discharge of the judgment against the principal by other means, or the destruction of the property in the hands of the garnishee, without his fault, before the execution was presented to him, need not now be decided. Such a course, however, seems to be eminently proper. The motion of the garnishee not being sustainable as matter of right, next appeals to the discretion of the court, in the exercise of which, the motion may be allowed in whole or in part, upon such terms and conditions as the judge sees fit to impose. The present case is attended with peculiar circumstances. Affidavits have been filed, stating that the garnishee, knowing that the suit was impending, admitted that he had funds in his hands to a certain amount, which might be held by attachment, and that the suit was thereupon proceeded with, and other means of security omitted. Counter affidavits have been filed, denying such admissions, and stating that the proctor for the libellant had agreed that the garnishee need not make answer in court, but that if judgment should be rendered against the principal, the answer might be sent to the proctor; and that the default was obtained without due notice. Under these circumstances, I shall take off the default, and allow the garnishee to answer as to the debts, effects, or credits of the principal in his hands, and such interrogatories touching the same as may be propounded by the libellant, upon condition that his answer may be contested by the libellant, and that the garnishee shall enter into stipulation with surety, to pay whatever sum shall be decreed against him.

I make it a condition, that the answer may be contested by the libellant, because I apprehend that he would not otherwise have that right. It is true that Mr. Benedict, in his Admiralty Practice (section 459) says, that "if the garnishee deny having debts, credits, or effects in his hands, the libellant may reply to his answer, and the question

will be tried by the court, like any other issue." The only authority cited is Hall, Adm. 70–78, which does not sustain the position. The rule indicates no such right, and the general admiralty law makes the sworn answer conclusive. Clerke's Praxis, tit. 34. The libellant, by the former practice, might, before answer under oath, take upon himself the burden of proving assets to be in the hands of the garnishee, and that issue was tried without any answer. Id. But of this option the libellant is deprived by the 37th rule, which makes it the absolute right and imperative duty of the garnishee to answer.

Motion of the garnishee granted, upon the condition above specified.

See Smith v. Miln [Case No. 13,081].